**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 10:05 AM November 26, 2012**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| | ) | CASE NO. 11-61813 |
| KATHLEEN ELAINE JOHNSTON, | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtor. | ) | |
| | ) | **MEMORANDUM OF OPINION (NOT INTENDED FOR PUBLICATION)** |
| | ) | |
| | ) | |

Now before the court is chapter 13 trustee's ("Trustee") motion to determine amount due and payable to bankruptcy estate for transfer of certain real property, filed on July 9, 2012.

The court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on April 4, 2012. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (E).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

### FACTS AND ANALYSIS

Debtor was previously married to Frank Ferraro ("Ferraro"). As part of the dissolution of their marriage, Debtor and Ferraro entered two agreements to divide their marital property: a

1

land installment contract dated April 8, 2010 ("land contract") and a separation agreement dated April 8, 2010 ("separation agreement").

The land contract dealt with real property located at 4046 Falcon Circle NW in Massillon, Ohio ("residence") and provided that Ferraro would buy the residence from Debtor for the purchase price of $200,000.00. Ferraro would make monthly payments of $1,565.00 commencing on April 1, 2010 and due on the first (1st) day of each subsequent month for a period of eighteen (18) months until September 30, 2011 when Ferraro was to fully satisfy/pay the purchase price to Debtor. Ferraro's monthly payments to Debtor were to be directly deposited into an account with Key Bank jointly held by Debtor and Ferraro.[1] Then the mortgage payments on the residence were automatically withdrawn from this account monthly.

Debtor was responsible for making the monthly mortgage payments on the residence during this eighteen (18) month period. The land contract provided that if Debtor defaulted on the mortgage, then Ferraro could cure the default and would receive a credit in payments to Debtor. The separation agreement incorporated the land contract and also provided that Ferraro would receive the yacht in the divorce and be responsible for any and all obligations on the yacht. Each party was also to retain their respective leased vehicle, free and clear of any claims of the other.

Debtor filed bankruptcy on May 27, 2011. On December 8, 2011, the Court entered an order confirming Debtor's second amended chapter 13 plan, which provided that once Ferraro paid the land contract in full by September 29, 2011,[2] the proceeds would be property of the estate. To date, Ferraro has not completed his obligations under the land contract.

On July 9, 2012, Trustee filed a motion to determine the amount due and payable to the bankruptcy estate under the land contract ("motion"). Trustee calculates that Ferraro must pay the bankruptcy estate $63,246.43. Debtor filed an objection to Trustee's motion on July 11, 2012 which argues that Ferraro should pay the bankruptcy estate $76,959.15. Debtor argues that Trustee's calculation improperly credited Ferraro for the monthly payments of $1,565.00 and that Ferraro must pay the entire balance of the mortgage. Debtor also argues that Ferraro failed to pay vehicle insurance of $773.52 and yacht insurance of $651.24, that she paid these expenses instead, and that she is entitled to a credit for these expenses. Ferraro responded to Trustee's motion on July 27, 2012 and argues that the amount he owes under the land contract is $50,000.00.

On September 27, 2012, the Court held an evidentiary hearing on Trustee's motion. Debtor testified on her own behalf and Ferraro testified on his own behalf. The issue of how much Ferraro must pay under the land contract and separation agreement is complicated because both parties defaulted under the separation agreement. As noted above, Ferraro deposited his monthly payments on the land contract into the joint bank account and the monthly mortgage payments were automatically withdrawn from this account. There is no dispute that Ferraro deposited the monthly payment into the account each month. However, on at least two occasions

---

[1] Key Bank is also the mortgagee of the residence.
[2] It is unexplained why the confirmed plan states that Ferraro will complete the land contract by September 29, 2011 when the land contract provides that the deadline is September 30, 2011.

within a few months before Debtor filed bankruptcy, Debtor removed the monies deposited by Ferraro before the monthly mortgage payments were withdrawn. This resulted in the mortgage going into default by two (2) payments. Debtor testified that she withdrew these monies to pay insurance for a vehicle and Ferraro's yacht. Debtor believed that Ferraro was required to pay these insurance costs, but failed to do so. Since Debtor's name remained on these items, she paid the insurance for liability reasons.

After the evidentiary hearing, the Court entered an oral judgment that Ferraro must pay the bankruptcy estate the balance that would have been due as of September 30, 2011 if all parties had done what they should have after accounting for credits and debits to both Debtor and Ferraro. Any advantages or disadvantages of the residence and mortgage are Ferraro's after September 30, 2011 and, thus, any payments made by Ferraro since September 30, 2011 are ignored in the calculation. Further, Debtor has no right to have the mortgage paid off by Ferraro because she defaulted under the land contract. That said, the Court's ruling is contingent on Debtor getting her discharge. The Court stated it will enter an opinion as to its calculation of the monies due to the bankruptcy estate by Ferraro. The following constitutes the Court's calculation and analysis of the amount due from Ferraro to the bankruptcy estate.

The Court begins its calculation with the balance of the mortgage as of June 22, 2011 of $133,654.62 in accordance with the mortgagee's proof of claim, no. 5-1, filed on June 29, 2011. Utilizing an amortization chart for a 15-year mortgage of $189,000.00 at 5.66% interest borrowed on October 7, 2004, the Court determined the monthly principal payments made to the mortgage for the months of July, August, and September 2011, respectively $974.70, $979.30, and $983.91. The Court deducted these principal payments from the June 22, 2011 mortgage balance of $133,654.62 to reach a principal balance of $130,716.71 as of September 30, 2011.

Since Debtor is not entitled to have Ferraro pay off the mortgage, the Court next subtracts the principal mortgage balance of $130,864.91 as of September 30, 2011 from the purchase price of $200,000.00 under the land contract. The resulting amount is $69,283.29. Ferraro shall remain obligated on the outstanding principal balance of the mortgage.

In terms of credits and debits made to this calculation, the Court credits Ferraro for the two payments of $1,565.00 that Debtor withdrew from the joint account before the mortgage payments were withdrawn. Debtor was required to pay the mortgage on the residence and breached the land contract by failing to make two (2) of the mortgage payments. As a result, the amount of $69,283.29 is reduced by $3,130.00 to $66,153.29.

With respect to the insurance payments that Debtor paid on the vehicle ($773.52) and yacht ($651.24), under the separation agreement, Ferraro was responsible for the insurance on both his personal vehicle and the yacht. Ferraro breached the separation agreement by failing to pay the insurance on these items. However, Debtor failed to provide Ferraro with the plates for his vehicle. Since he was not able to legally drive the vehicle, he will not be held responsible for payment of the insurance on the vehicle. Accordingly, Debtor is entitled to a credit for $651.24 that she paid in insurance for the yacht only. As a result, the amount of $66,153.29 is increased by

3

$651.24 to $66,804.53.

       Finally, Ferraro is entitled to a credit for the fees and interest that accrued on the mortgage between March 1, 2011, when the missed payments began, and September 30, 2011. No proof was provided to the Court regarding the fees and interest that accrued on the mortgage as a result of Debtor's breach of the land contract. Ferraro shall have fourteen (14) days from the entry of this memorandum of opinion to file proof with the Court regarding any fees and interest that accrued between March 1, 2011 and September 30, 2011. Debtor shall have seven (7) days from the date of Ferraro's filing to object to his proof. Once Ferraro files such proof with the Court and Debtor has an opportunity to object, the Court will review it and enter an order regarding the allowance or disallowance of a credit to Ferraro for the fees and interest. If Ferraro fails to provide such proof to the Court within fourteen (14), then he shall not be entitled to any credit for the fees and interest as a result of Debtor's breach.

       Ferraro is not entitled to any damages for fees and interest that accrued after September 30, 2011 or for any damages related to his inability to refinance the mortgage as a result of Debtor's breach. Ferraro breached the separation agreement by failing to pay the insurance. There is joint fault and these are equitable assessments. In addition, Ferraro presented no proof that he was unable to refinance the mortgage solely because of Debtor's breach or that he would have been able to refinance the mortgage absent Debtor's breach. Ferraro testified that Key Bank would not speak to him about the account. In the accompanying order, the Court will grant Key Bank relief from the automatic stay and co-debtor stay in order to deal with Ferraro with regard to any matter relating to this obligation.

       In conclusion, Ferraro shall pay the sum of $66,804.53 to the bankruptcy estate subject to a possible a credit to Ferraro due to Debtor's breach. Ferraro shall pay this sum to Trustee by the deadline that will be set forth in this Court's future order after the deadline for Ferraro to provide proof of the fees and interest has elapsed. If Ferraro fails to pay this sum in full to Trustee by that deadline, Ferraro shall pay interest at the rate of 9.39% on the unpaid sum until the sum is fully paid to Trustee.[3]

       An appropriate order will be entered simultaneously with this memorandum of opinion.

#     #     #

**Service List:**

Gerald B Golub
1340 Market Ave North
Suite 1
Canton, OH 44714

---

[3] Ferraro is not responsible for interest prior to this date because Debtor also breached the separation agreement.

Kathleen Elaine Johnston
7696 Kemary Ave SW
Navarre, OH 44662

Toby L Rosen, Trustee
400 W Tuscarawas St
Charter One Bank Bldg
4th Floor
Canton, OH 44702

Alfred D. McCallin
116 Cleveland Ave NW
500 Courtyard Centre
Canton, OH 44702