**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 01:44 PM December 31, 2012**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE:<br><br>KATHLEEN ELAINE JOHNSTON,<br><br>Debtor. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CHAPTER 13<br><br>CASE NO. 11-61813<br><br>JUDGE RUSS KENDIG<br><br>**MEMORANDUM OF OPINION (NOT INTENDED FOR PUBLICATION)** |

Now before the court is chapter 13 trustee's ("Trustee") motion to determine amount due and payable to bankruptcy estate for transfer of certain real property, filed on July 9, 2012, and Frank Ferraro's ("Ferraro") motion for time and conditions for payment, filed on December 13, 2012.

The court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on April 4, 2012. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(A) and (E).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

On November 26, 2012, the Court entered a memorandum of opinion and order on Trustee's motion, which ordered that Ferraro pay Trustee the sum of $66,804.53 subject to a

1

possible credit to Ferraro for the fees and interest on the mortgage due to Debtor's default under the land contract. The Court reached its calculation of the $66,804.53 figure by beginning with the balance of the mortgage of $133,654.62 and reducing that figure to $130,716.71 for principal payments made on the mortgage. Next, the Court deducted the mortgage balance from the purchase price of $200,000.00 in the land contract to reach a figure of $69,283.29. Following this calculation, the Court allowed Ferraro credit for two payments of $1,565.00, to reduce his liability to $66,153.29. Finally, the Court allowed Debtor credit for the missed insurance payment of $651.24 on the yacht, which increased Ferraro's liability to $66,804.53.

The Court allowed Ferraro a credit for fees and interest incurred between March 1, 2011 and September 30, 2011 due to Debtor's default under the land contract. The Court provided Ferraro additional time to file proof of the fees and interest and also provided Debtor an opportunity to object to those fees and interest. On December 7, 2012, Ferraro filed proof of fees and interest caused by debtor's misappropriation of mortgage payments, which claimed fees of $100.00 and interest of $104.80. Debtor filed an objection to the fees and interest totaling $204.80 on December 15, 2012.

Debtor objects on the basis that the $100.00 in fees are not late fees. The Court's November 26, 2012 order allowed Ferraro to submit proof of *any fees* incurred as a result of Debtor's default and did not limit the fees to late fees only. Further, while Debtor's objection states that there is a fee of $10.00 for "Assess Legal Fee," the Court is unable to substantiate Debtor's objection as the proof filed by Ferraro only states "Fee Assessment." Accordingly, the Court allows Ferraro a credit of $100.00 for the fees assessed between July 21, 2011 and September 28, 2011.

Further, Debtor objects to a credit to Ferraro in the amount of $104.80 for interest because Ferraro failed to pay other moneys due to Debtor. The Court already entered a memorandum of opinion and order, dated November 26, 2012, which adjudicated the issues of fault of both Debtor and Ferraro. Accordingly, the Court allows Ferraro a credit of $104.80 for the interest accrued in the amount of $104.80.

Following from the above, the sum of $66,804.53, as provided in the Court's November 26, 2012 order shall be reduced by a credit to Ferraro in the amount of $204.80. Accordingly, Ferraro shall pay to Trustee the sum of $66,599.73 within ninety (90) days from entry of this memorandum of opinion. If Ferraro fails to pay this sum in full to Trustee by that deadline, Ferraro shall pay interest at the rate of 9.39% on the unpaid sum until the sum is fully paid to Trustee.

Further, the closing of the land contract shall be conducted in accordance with the terms and conditions of the land contract except as modified by the Court's November 26, 2012 memorandum of opinion and order and by this memorandum of opinion. Additionally, the title work and closing shall be conducted by Cornerstone Title Agency of North Canton.

With respect to Ferraro's motion for time and conditions of payment, the Court issued a

notice of deficiency on December 19, 2012 which provided seven days to cure the deficiency. As of December 30, 2012, no action has been taken to cure the deficiency. Accordingly, the Court will deny Ferraro's motion.

An appropriate order will be entered simultaneously with this memorandum of opinion.

#      #      #

**Service List:**

Gerald B Golub
1340 Market Ave North
Suite 1
Canton, OH 44714

Kathleen Elaine Johnston
7696 Kemary Ave SW
Navarre, OH 44662

Toby L Rosen, Trustee
400 W Tuscarawas St
Charter One Bank Bldg
4th Floor
Canton, OH 44702

Alfred D. McCallin
116 Cleveland Ave NW
500 Courtyard Centre
Canton, OH 44702

3

11-61813-rk    Doc 67    FILED 12/31/12    ENTERED 12/31/12 14:02:31    Page 3 of 3